OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

MetroHealth Medical Center, Appellant, v. Kaiser Foundation Hospitals et al., Appellees.
[Cite as MetroHealth Med. Ctr. v. Kaiser Found. Hosp. (1993),    Ohio St.3d    .]
(No. 92-2637 -- Submitted January 13, 1993 -- Decided January 25, 1993.)
Appeal from the Court of Appeals for Cuyahoga County, No. 64828.
On Motion for Reconsideration.


Squire, Sanders & Dempsey, David J. Young, Steven W. Tigges, Charles F. Clarke, Robin G. Weaver and John E. Lynch, Jr., for appellant.
Gallagher, Sharp, Fulton & Norman, Burt Fulton, Beverly A. Harris, Ernest W. Auciello, Jr. and Timothy J. Fitzgerald; Chester, Hoffman, Willcox & Saxbe, John J. Chester and Donald C. Brey, for appellees.

The motion to reconsider the order of January 6, 1993, reported at 65 Ohio St.3d 1485,    N.E.2d   , is denied on the following vote:
A.W. Sweeney, Acting C.J., and Douglas, J., would deny the motion.
Wright, J., would grant the motion in part.
Resnick, J., would grant the motion.
Moyer, C.J., F.E. Sweeney and Pfeifer, JJ., not participating.

Wright, J., concurring in part and dissenting in part. I am writing to explain my position throughout this matter. The complexity of this case and the parties' acrimonious memoranda have led, in my opinion, to an incorrect result.
                    Proceedings Below
The following facts have been extracted from the parties' briefs. This case arises from a dispute over the termination of a contract, a "Hospital Services Agreement," between the movant, MetroHealth Medical Center ("MetroHealth"), and

respondents, Kaiser Foundation Hospitals and the Ohio Permanente Medical Group, Inc. ("Kaiser"). On June 23, 1992, MetroHealth filed a complaint in Cuyahoga County Common Pleas Court against Kaiser seeking declaratory, injunctive, and appropriate ancillary relief. MetroHealth also asked the trial court to grant a preliminary injunction. MetroHealth sought, by this action, to prevent Kaiser from ending the parties' relationship through the use of the termination clause of their contract. MetroHealth's claims were based on equitable estoppel, promissory estoppel, and breach of contract theories. Kaiser filed a motion to dismiss the complaint in August 1992 and MetroHealth filed an amended complaint in October. On October 27, 1992, Kaiser filed another motion to dismiss pursuant to Civ.R. 12(B)(6).

The common pleas court scheduled an evidentiary hearing on MetroHealth's request for a preliminary injunction for December 9, 1992. On December 9, before hearing any evidence, the court allowed argument on Kaiser's motion to dismiss. Following argument from both parties, the court granted Kaiser's motion in its entirety and dismissed MetroHealth's complaint from the bench. On December 11 and 18, MetroHealth filed motions with the trial court seeking relief from the judgment and an injunction pending appeal. These motions were not ruled on by the court.

On December 23, 1992, MetroHealth filed a notice of appeal, a motion for expedited appeal, and a motion for injunctive relief in the Court of Appeals for Cuyahoga County. On December 29, 1992, a two-judge panel heard oral argument on the motions. The court denied injunctive relief but granted expedited appeal.

On December 30, the trial court issued an opinion granting declaratory judgment in favor of Kaiser and dismissing the action. Because this opinion was issued following argument to and a decision by the court of appeals, there are serious questions as to whether the trial court had jurisdiction to issue an opinion in this case and, consequently, whether its opinion carries any legal weight.

Proceedings in This Court

On December 30, 1992, MetroHealth filed an "Application for Emergency Relief Pending Resolution of Expedited Appeal" in this court. On December 31, the members of the court were polled and, with the Chief Justice not participating, MetroHealth's motion was unanimously granted. See 65 Ohio St.3d 1485,      N.E.2d    . At that time I believed that I was voting to grant only "an Order preserving the status quo and staying appellees [Kaiser] * * * from enforcing the notice of a January 1, 1993 termination of the Hospital Services Agreement between MetroHealth and Kaiser." See MetroHealth's Application for Emergency Relief Pending Resolution of Expedited Appeal, at 2.

To my dismay, the court's order, which was issued late in the day on December 31, 1992, was significantly broader than I had believed it would be. The third paragraph of the order1 in effect granted MetroHealth much of the relief it had sought in the trial court; it went far beyond the preservation of the status quo.

Not unexpectedly, in light of the breadth of the December

31 order, Kaiser filed a motion to vacate on January 4. When the newly constituted court met in conference on January 6, a majority recognized that the December 31 order was substantially overbroad and voted five to one to grant Kaiser's motion to vacate. 65 Ohio St.3d 1485,     N.E.2d    . Again to my dismay the resulting order granted too much. My hope was that the status quo would be preserved but that additional relief would not be granted. Rather than merely vacating the overbroad portions of the third paragraph, however, the majority vacated the entire order. I regret that I did not express my views in writing at that juncture.

I note in passing that, from the start, the memoranda filed by the attorneys involved in this case have been acrimonious and their allegations frequently have been unconstructive. In my opinion the tone of the memoranda filed by both parties and their inability or unwillingness to reach any common ground whatsoever have made an accurately informed decision by this court difficult, at best, to reach. In an extraordinary circumstance such as this, where the record has not been fully developed below, the attorneys' failure to come to any sort of agreement on the facts keeps this court from doing its job: deciding questions of law.

On January 7, 1993, MetroHealth filed an "Emergency Motion to Reconsider Decision to Vacate Entry." This is the motion disposed of by today's entry. Because I wish to stand by my position throughout, I vote to grant MetroHealth's motion to reconsider, in part.

On reconsideration I would issue an order prohibiting Kaiser from terminating its Hospital Services Agreement with MetroHealth pending the resolution of MetroHealth's expedited appeal in the Court of Appeals for Cuyahoga County. I would not, however, reconsider my vote to vacate the other, overbroad portions of the order set forth in the third paragraph of the court's December 31, 1992 entry. Accordingly, I respectfully concur in part with and dissent in part from today's disposition.

FOOTNOTE:
1 "IT IS FURTHER ORDERED that Kaiser Foundation Hospitals and Ohio Permanente Medical Group, Inc. (collectively referred to as 'Kaiser') are hereby stayed from enforcing the notice of a January 1, 1993 termination of the Hospital Services Agreement between MetroHealth Medical Center ('MetroHealth') and Kaiser; from decreasing the volume and case mix of tertiary care referrals to MetroHealth; and from referring Kaiser members in Cuyahoga County needing tertiary care services provided by MetroHealth to entities outside the MetroHealth System, pending the expedited decision of the Cuyahoga County Court of Appeals on MetroHealth's appeal (case No. 64828) of the trial court's December 9, 1992 Order granting Kaiser's Motion to Dismiss MetroHealth's Amended Complaint." Id.

Alice Robie Resnick, J., dissenting. I would grant MetroHealth's motion for reconsideration filed on January 7, 1993. The motion requested that this court reconsider its decision of January 6, 1993, vacating the entry of a stay entered on December 31, 1992. See 65 Ohio St.3d

1485-1586,    N.E.2d
    .

    Briefly, on December 31, 1992, this court granted MetroHealth's motion for a stay prohibiting Kaiser from terminating its Hospital Services Agreement with MetroHealth, pending the resolution of an expedited hearing of MetroHealth's appeal in the Cuyahoga County Court of Appeals in March 1993. Six members of the Supreme Court as then constituted voted to grant the stay, with Chief Justice Moyer not participating. On January 4, 1993, Kaiser filed a motion to vacate the stay. Between December 31, 1992 and January 4, 1993, two new members had replaced retiring members of this court and the new court convened on January 6, 1993, to decide this matter. At that time, five justices voted for dismissal of the original MetroHealth motion, myself dissenting and Chief Justice Moyer not participating. What is extremely confusing in this matter is that now the two new justices have determined that they should not participate any further in this matter. However, rather than vacating their previous votes, which they now apparently deem inappropriate, they are adhering to those votes and thereby blocking reinstatement of the prior court's vote, which was unanimous save for the fact that the Chief Justice did not participate.

    Under these circumstances, if the new justices have now deemed it inappropriate to participate in this matter, then the status quo should be reinstated and the decision of December 31, 1992 should control. Therefore, on reconsideration of our decision on Kaiser's motion to vacate, I would deny vacation and reissue the order of December 31, 1992, prohibiting Kaiser from terminating its Hospital Services Agreement with MetroHealth until the merits of this matter can be heard by the Cuyahoga County Court of Appeals.