DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court, denying a preliminary injunction. For the reasons that follow, we reverse.
 {¶ 2} On July 9, 2004, appellant, Toya A. Neal, leased apartment 1-B in the Regina Manor Apartments in Toledo from appellee, Regina Manor. The apartment was subsidized housing under the Section 8 program administered by the United States *Page 2 
Department of Housing and Urban Development. The lease provides for automatic renewal after the initial lease period.
 {¶ 3} On the morning of September 13, 2005, appellant called police to the apartment. She told the responding officer that a friend of her uncle had been staying with her, but when he sought a more intimate relationship, she demanded he leave. The man had gone by the time police arrived. The officer observed three bags outside appellant's door, which appellant advised him contained the man's belongings. Police conducted a brief search of the apartment to make sure that the man had gone and inquired of appellant's plans. According to the responding officer, appellant advised him that she intended to visit a friend's home. Police observed appellant lock her front door and leave with another woman.
 {¶ 4} At 10:13 a.m. the same day, firefighters responded to a fire at appellant's apartment. Entering the premises, firefighters found that a pan of grease left on a gas stove had ignited. The fire was contained in the kitchen area, although smoke damage was extensive. On a report from police about their earlier call, fire officials classified the fire as "suspicious." Although appellant testified that she believed the man she had asked to leave had started the fire, no one was ever charged.
 {¶ 5} Even though appellee relocated some of the Regina Manor residents who suffered smoke damage, relocation was not offered to appellant. Indeed, appellee's agents advised appellant that she would no longer be able to live in the complex. *Page 3 
 {¶ 6} On December 9, 2005, appellant sued appellee, asserting that appellee had wrongfully terminated her tenancy, rendering her homeless. Accompanying her complaint was a motion for a temporary restraining order to prohibit appellee from interfering with her tenancy until the conclusion of the suit. On December 15, 2005, the court granted the restraining order, but, on appellee's motion, stayed the order pending a hearing for a preliminary injunction. See Civ.R. 65 (A)-(B).
 {¶ 7} The hearing on the preliminary injunction was eventually held on November 27, 2006. In January 18, 2007, the court issued its decision, finding that appellant is homeless and may suffer irreparable harm if the injunction did not issue. The court also concluded that appellee would suffer little harm if the injunction were awarded. On the issue of the likelihood of appellant's success on the merits, however, the court found that appellee was not obligated by contract or otherwise to "re-house" appellant in another apartment.
 {¶ 8} Moreover, the court concluded, even if such an obligation existed, it ended when appellant breached her lease by allowing another to reside in the rental unit. Such breach terminated the lease agreement and appellee "* * * bears no duty to revive that relationship and provide a different rental unit * * *." On these findings, the court denied the preliminary injunction.
 {¶ 9} From this judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error: *Page 4 
 {¶ 10} "The trial court erred in denying the preliminary injunction because Ms. Neal has a continuing tenancy in her unit and a federally protected property interest that has not been terminated."
 {¶ 11} The purpose of a preliminary injunction ordinarily is to preserve the status quo pending a trial on the merits. For the injunction to issue, the requesting party must show that "(1) there is a substantial likelihood that the plaintiff will prevail on the merits, (2) the plaintiff will suffer irreparable injury if the injunction is not granted, (3) no third parties will be unjustifiably harmed if the injunction is granted, and (4) the public interest will be served by the injunction." Island Express Boat Lines, Ltd v. Put-in-Bay Boat LineCo., 6th Dist. No. E-06-002, 2007-Ohio-1041, ¶ 92, quoting Procter Gamble Co. v. Stoneham (2000), 140 Ohio App.3d 260, 267; see, also, Civ.R. 65(B) and R.C. 2727.02.
 {¶ 12} The decision as to whether such an injunction should be issued rests in the sound discretion of the court and will not be reversed absent an abuse of that discretion. Garono v. State (1988),37 Ohio St.3d 171, 173. An abuse of discretion is more that an error of judgment or a mistake of law, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 13} Appellant argues that she has a property interest in her apartment that cannot be terminated without good cause. See BowlingGreen Manor v. Kirk (June 30, 1995), 6th Dist. No. WD-94-125. Moreover, she insists, she may not be dispossessed of that right by a landlord without due process as provided by law. Id. *Page 5 
 {¶ 14} The trial court found that appellant was not dispossessed by her landlord, but by fire. The court found that appellee had no obligation in law or contract to provide appellant with an alternate apartment. Thus, although the court found that appellant would be irreparably harmed by denial of the injunction and that appellee would be only minimally inconvenienced by such issuance, nonetheless, appellant was unlikely to prevail on the merits in a request for a substitute apartment.
 {¶ 15} The problem with the trial court's reasoning is that, by the time the matter came before the court for hearing, appellee's property manager testified that apartment 1-B, the one appellant leased, had been rehabilitated, was ready for occupancy and was vacant. This information should have changed the dynamic of the court's consideration.
 {¶ 16} Appellant's lease had an automatic renewal provision and she was absolved of paying rent while the property was uninhabitable. At the time of the hearing on the preliminary injunction, appellant was the valid leaseholder of apartment 1-B and had not been deprived of this property right by any proceeding.
 {¶ 17} Appellee suggests that, nevertheless, appellant forfeited her interest when she breached the lease by permitting an unauthorized tenant. Appellant responds that the breach is only an allegation and that there has been no adjudication as to what status her uncle's friend had. Appellee responds that indeed appellant was afforded due process in that she was competently represented at the hearing for preliminary injunction. Appellant argues that she is entitled to due process before she is dispossessed of her property and, in *Page 6 
any event, the proceeding in the trial court was not one of those authorized by federal or state law to effect her eviction.
 {¶ 18} It is clear that the trial court premised its denial of appellant's request for a preliminary injunction on a patently erroneous fact. In that regard, we must conclude that the trial court's decision was unreasonable. It would also appear that since appellant likely has a contractual right to her apartment and that appellee has initiated no eviction or other proceeding to divest appellant of that right, it is substantially probable that appellant will succeed on the merits of her complaint. Consequently, appellant's single assignment of error is found well-taken.
 {¶ 19} On consideration whereof, the judgment of the Toledo Municipal Court is reversed. This matter is remanded to said court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 7 
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1