[Cite as *Columbus v. State*, 2023-Ohio-2858.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| City of Columbus, | : | |
| Plaintiff-Appellee, | : | No. 22AP-676 |
| | | (C.P.C. No. 19CV-2281) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| State of Ohio, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 15, 2023

**On brief:** *Zack Klein*, City Attorney, *Richard N. Coglianese,* and *Matthew D. Sturtz,* for appellee. **Argued:** *Richard N. Coglianese.*

**On brief:** *Dave Yost*, Attorney General, *Heather L. Buchanan,* and *Andrew D. McCartney*, for appellant. **Argued:** *Benjamin M. Flowers.*

**On brief:** *Emily Smart Woerner*, City Solicitor, and *Shannon Price*, for Amicus Curiae of the City of Cincinnati.

APPEAL from the Franklin County Court of Common Pleas

EDELSTEIN, J.

{¶ 1} The Ohio General Assembly modified the framework of Ohio's firearms and self-defense laws when it enacted 2018 Am.Sub.H.B. No. 228 ("H.B. 228"). In addition to modifying existing R.C. 9.68 (the "Firearms-Uniformity Law"), H.B. 228 amended 12 other existing statutes and created two new ones. Its effective date was March 28, 2019, but its amendment to R.C. 9.68 did not take effect until December 28, 2019.

{¶ 2} Before H.B. 228 went into effect, plaintiff-appellee, the City of Columbus ("City"), sought a preliminary and permanent injunction against the original and amended

versions of R.C. 9.68 by commencing a civil action against defendant-appellant, the State of Ohio ("State"), in the Franklin County Court of Common Pleas. The City also requested the trial court declare that both versions of R.C. 9.68 are unconstitutional. The trial court held a hearing on the City's preliminary injunction motion in May 2019. On November 2, 2022, it entered a judgment granting the City's motion and ordering a preliminary injunction against the original and amended versions of R.C. 9.68, as well as H.B. 228 in its entirety without any time limitation.

{¶ 3} The State now appeals from this judgment. Because we find the preliminary injunction fails to satisfy the specificity requirements of Civ.R. 65(D), is overbroad, and was otherwise improperly granted under the standard for preliminary injunctions, we reverse the November 2, 2022 judgment, vacate the preliminary injunction, and remand this matter to the trial court for further proceedings consistent with this decision.

## I. FACTS AND PROCEDURAL OVERVIEW

{¶ 4} This case arises from the City's constitutionality challenge to the original and amended versions of R.C. 9.68, Ohio's Firearms-Uniformity Law.

{¶ 5} R.C. 9.68 was created in 2006 when the General Assembly enacted 2006 Sub.H.B. No. 347. The "original version" of this statute took effect on March 14, 2007. Beyond recognizing the "fundamental individual right" to "keep and bear arms" and expressing the legislature's desire for uniform firearms laws across the state, R.C. 9.68(A) generally prohibits municipalities from regulating the ownership, possession, purchase, sale, transfer, transport, storage, or keeping of a firearm. And, the original version of R.C. 9.68(B) authorizes the award of attorney fees and costs to a party "that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section."

{¶ 6} In 2018, the General Assembly enacted H.B. 228, which amended 13 existing statutes—including R.C. 9.68—and promulgated two new ones. Relatedly here, H.B. 228's amendment to R.C. 9.68 (the "amended version") broadened the scope of firearms-related conduct a municipality could not regulate in R.C. 9.68(A) and expanded the circumstances and types of expenses a party could recover from a municipality in a challenge to such regulation in R.C. 9.68(B). H.B. 228's amendment to R.C. 9.68 went into effect on December 28, 2019.

{¶ 7} On March 19, 2019, the City challenged both the original and amended versions of R.C. 9.68 by commencing a civil action against the State. In addition to seeking a declaration from the trial court that both versions of R.C. 9.68 are unconstitutional, the City also sought preliminary and permanent injunctions against the State's enforcement of both versions of the statute.[1] (Mar. 19, 2019 Compl. at ¶ 106; Mar. 19, 2019 Mot. for Prelim. Inj.) In support of its requested relief, the City contended that both versions of R.C. 9.68 (1) violate the separation of powers doctrine; (2) are an abuse of legislative power and violate Article II, Section 32 of the Ohio Constitution; and/or (3) unconstitutionally infringe on the City's home rule powers under Article XVIII, Sections 3 and 7 of the Ohio Constitution. (Compl. at ¶ 106. *See also* May 17, 2019 Am. Compl. at ¶ 126.)

{¶ 8} The State filed its written opposition to the City's motion for a preliminary injunction on April 19, 2019.[2] It contended the City was not entitled to the preliminary injunction because the City could not satisfy its burden to prove that the four preliminary-injunction factors weighed in favor of the City's request for temporary relief. And, just as it argues now on appeal, the State relied on Ohio Supreme Court precedent to argue against the City's constitutionality challenge to the original and amended versions of R.C. 9.68.

{¶ 9} The trial court held a hearing on the City's motion for a preliminary injunction on May 13, 2019.

{¶ 10} On November 2, 2022—nearly three and one-half years after it held the hearing on the City's motion for preliminary injunction—the trial court issued a decision and entry granting a preliminary injunction "against R.C. 9.68 both in its original and amended forms *and* Am Sub. H.B. [sic]." (Emphasis added.) (Nov. 2, 2022 Decision and Entry at 11.) Thus, the trial court enjoined the State from enforcing H.B. 228 in its entirety and the original version of R.C. 9.68 without any time limitation. By the time the preliminary injunction was issued, the original version of R.C. 9.68 had been repealed by H.B. 228 and its amendments to R.C. 9.68 had been in effect for nearly three years.

---

[1] The City filed an amended complaint against the State on May 17, 2019.

[2] The State also moved to dismiss the City's complaint pursuant to Civ.R. 12(B)(6) on April 19, 2019, and restated those same arguments in its May 31, 2019 motion to dismiss the City's amended complaint. Neither of the State's motions were expressly addressed by the trial court.

{¶ 11} The State timely appealed from the November 2, 2022 decision. At the State's request, the trial court stayed the preliminary injunction pending the resolution of this appeal. (*See* Nov. 10, 2022 Decision and Entry.)

{¶ 12} Before the record was filed, the City moved this court to dismiss this case because, it argued, the November 2, 2022 decision on a preliminary injunction is not a final appealable order under R.C. 2505.02(B). (Dec. 8, 2022 Mot.) The City contended we did not have jurisdiction over the State's appeal because the trial court did not address the State's pending motion to dismiss the amended complaint or issue any decisions on the City's other requested relief (declaration and permanent injunction) in the judgment entry that is the subject of this appeal. On January 24, 2023, a three-judge panel of this court issued a written opinion and entry denying the City's motion to dismiss. *Columbus v. State*, 10th Dist. No. 22AP-676, 2023-Ohio-195. After that panel concluded the November 2, 2022 decision was a final appealable order, briefing on the merits followed.

## II. ASSIGNMENTS OF ERROR

{¶ 13} The State asserts the following three assignments of error for our review:

> [I.] THE TRIAL COURT ERRED WHEN IT ENJOINED BOTH THE ORIGINAL AND 2018 VERSIONS OF R.C. 9.68 (THE "FIREARMS-UNIFORMITY LAW") ON THE GROUND[S] THAT THE LAW VIOLATES MUNICIPAL HOME-RULE AUTHORITY UNDER THE OHIO CONSTITUTION.
>
> [II.] THE TRIAL COURT ERRED IN CONCLUDING THAT THE CITY OF COLUMBUS (THE "CITY") WAS ENTITLED TO A PRELIMINARY INJUNCTION.
>
> [III.] THE TRIAL COURT ERRED WHEN IT ENJOINED H.B. 228 IN ITS ENTIRETY.

## III.  ANALYSIS

{¶ 14} Because the City concedes the trial court erred in enjoining H.B. 228 in its entirety and our resolution of the State's third assignment of error narrows the scope of our review, we address it first. We next address the State's second assignment of error, as our resolution of it controls our disposition of the State's first assignment of error.

### A. Applicable Law

{¶ 15} " 'An injunction is an extraordinary remedy in equity where there is no adequate remedy available at law. It is not available as a right but may be granted by a court if it is necessary to prevent a future wrong that the law cannot.' " *Toledo v. State*, 154 Ohio St.3d 41, 2018-Ohio-2358, ¶ 15, quoting *Garono v. State*, 37 Ohio St.3d 171, 173 (1988). *See also Mid-America Tire, Inc. v. PTZ Trading Ltd.*, 95 Ohio St.3d 367, 2002-Ohio-2427, ¶ 74. "Thus, in determining the propriety of injunctive relief, adequate remedy at law 'means that the legal remedy must be as efficient as the indicated equitable remedy would be; that such legal remedy must be presently available in a single action; and that such remedy must be certain and complete.' " *Mid-America Tire, Inc.* at ¶ 81, quoting *Fuchs v. United Motor Stage Co., Inc.*, 135 Ohio St. 509 (1939), paragraph four of the syllabus.

{¶ 16} A preliminary injunction is a provisional remedy.[3] Thus, it is ancillary to a pending action. *See* R.C. 2505.02(A)(3). Its impact is temporary and it lasts no longer than the pendency of the action. *See, e.g.*, *Youngstown City School Dist. Bd. of Edn. v. State*, 10th Dist. No. 15AP-941, 2017-Ohio-555, ¶ 6, citing *Wells Fargo Ins. Servs. USA v. Gingrich*, 12th Dist. No. CA2011-05-085, 2012-Ohio-677, ¶ 5.

{¶ 17} In general, the purpose of a preliminary injunction is to preserve the status quo between the parties pending a trial and decision on the merits. *See, e.g.*, *Intralot, Inc. v. Blair*, 10th Dist. No. 17AP-444, 2018-Ohio-3873, ¶ 31, citing *P&G v. Stoneham*, 140 Ohio App.3d 260, 267 (1st Dist.2000); *Rock House Fitness, Inc. v. Himes*, 11th Dist. No. 2020-L-075, 2021-Ohio-245, ¶ 22; *Neal v. Regina Manor*, 6th Dist. No. L-07-1055, 2008-Ohio-257, ¶ 11. "The primary function of an injunction is to restrain motion and to enforce inaction[;]" thus, it "ordinarily is employed to prevent future injury." (Internal quotations omitted.) *State ex rel. Great Lakes College, Inc. v. State Med. Bd.*, 29 Ohio St.2d 198, 201 (1972), quoting *State ex rel. Selected Properties, Inc. v. Gottfried*, 163 Ohio St. 469, 475

---

[3] *See also Black's Law Dictionary* 1102 (5th Ed.1979) (defining "provisional remedy" as a "remedy provided for present need or for the immediate occasion; one adapted to meet a particular exigency"); *Ballentine's Law Dictionary* 1016-17 (3d Ed.1969) (defining "provisional remedy" as "[a] remedy of a party to an action, not intended as a means of reaching a determination and adjudication of the issue or issues, but as a means whereby the party who invokes it successfully prevents the adverse party from taking steps during the course of the action which would thwart the enforcement of a judgment obtained in the action. Not a special proceeding, but a merely collateral proceeding permitted only in connection with a regular action, and as one of its incidents.").

(1955). *See also State ex rel. Kilgore v. Cincinnati,* 1st Dist. No. C-110007, 2012-Ohio-4406, ¶ 21 ("An injunction granted before litigation is ordinarily limited to preserving the status quo ante litem so that the pending trial is not a hollow proceeding. The status quo ante litem is the last, uncontested status that preceded the litigation.").

{¶ 18} In determining whether to grant a preliminary injunction, a court must consider four factors:

1) Whether there is a strong or a substantial likelihood the movant will prevail on the merits;

2) Whether the movant will suffer irreparable injury if the injunction is not granted;

3) Whether third parties will be unjustifiably harmed if the injunction is granted; and

4) Whether the public interest will be served by the injunction.

*See, e.g., Vanguard Transp. Sys., Inc. v. Edwards Transfer & Storage Co.,* 109 Ohio App.3d 786, 790 (10th Dist.1996), citing *Valco Cincinnati, Inc. v. N & D Machining Serv., Inc.,* 24 Ohio St.3d 41 (1986) and *Goodall v. Crofton,* 33 Ohio St. 271 (1877). *See also Escape Ents., Ltd. v. Gosh Ents., Inc.,* 10th Dist. No. 04AP-834, 2005-Ohio-2637, ¶ 22; *Vineyard Christian Fellowship of Columbus v. Anderson,* 10th Dist. No. 15AP-151, 2015-Ohio-5083, ¶ 11, quoting *P&G* at 267.

{¶ 19} "Irreparable harm" is an injury for which, after its occurrence, there could be no plain, adequate, and complete remedy at law, and for which money damages would be impossible, difficult, or incomplete. *See, e.g., Dimension Serv. Corp. v. First Colonial Ins. Co.,* 10th Dist. No. 14AP-368, 2014-Ohio-5108, ¶ 12; *Franks v. Rankin,* 10th Dist. No. 11AP-962, 2012-Ohio-1920, ¶ 36. A showing of irreparable harm requires proof of "actual irreparable harm or the existence of an actual threat of such injury." *Clark v. Mt. Carmel Health,* 124 Ohio App.3d 308, 315 (10th Dist.1997). " 'Actual irreparable harm is usually not presumed, but instead must be proved[]' " by the movant. *See, e.g., Hydrofarm, Inc. v. Orendorff,* 180 Ohio App.3d 339, 2008-Ohio-6819, ¶ 25 (10th Dist.), quoting *Levine v. Beckman,* 48 Ohio App.3d 24 (10th Dist.1988), paragraph four of the syllabus; *Redding v. United States Parachute Assn.,* 11th Dist. No. 2022-G-0024, 2023-Ohio-884, ¶ 50.

{¶ 20} In determining whether to grant injunctive relief, Ohio courts have recognized that the four preliminary injunction factors must be weighed with the " 'flexibility which traditionally has characterized the law of equity.' " *Cleveland v. Cleveland Elec. Illum. Co.*, 115 Ohio App.3d 1, 14 (8th Dist.1996), quoting *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir.1982). Accordingly, to establish a right to a requested preliminary injunction, the movant must demonstrate clear and convincing evidence of each of these four factors. *See, e.g.*, *Vanguard Transp. Sys., Inc.* at 790, citing *Mead Corp. v. Lane*, 54 Ohio App.3d 59 (4th Dist.1988). *See also Intralot, Inc.* at ¶ 31; *Ohio Democratic Party v. LaRose*, 10th Dist. No. 20AP-421, 2020-Ohio-4664, ¶ 32, citing *Hydrofarm, Inc.* at ¶ 18.

{¶ 21} The standard of "[c]lear and convincing evidence" is defined as "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." (Internal quotations omitted.) *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, ¶ 54, quoting *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, ¶ 18, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. " 'Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.' " *State v. Golden*, 10th Dist. No. 09AP-1004, 2010-Ohio-4438, ¶ 10, quoting *State v. Townsend*, 10th Dist. No. 08AP-371, 2008-Ohio-6518, ¶ 7, citing *Ford v. Osborne*, 45 Ohio St. 1 (1887), paragraph two of the syllabus.

{¶ 22} Furthermore, the Supreme Court of Ohio has advised courts to take "particular caution" in granting injunctions, particularly in cases where they are "asked to interfere with * * * the action of another department of government." (Citations omitted.) *Danis Clarkco Landfill Co. v. Clark Cty. Solid Waste Mgt. Dist.*, 73 Ohio St.3d 590, 604 (1995). *See also Cementech, Inc. v. Fairlawn*, 109 Ohio St.3d 475, 2006-Ohio-2991, ¶ 10.

{¶ 23} Civ.R. 65 sets forth the procedures a court is to follow upon the filing of a complaint for injunctive relief. Relatedly, here, Civ.R. 65(D) dictates that "[e]very order granting an injunction" must "set forth the reasons for its issuance[,]" "be specific in

terms[,]" and "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained[.]"  Ohio's rule is identical to the federal rule, Fed.R.Civ.P. 65(d)(1). *See, e.g.*, *State ex rel. Fraternal Order of Police, Captain John C. Post Lodge No. 44 v. Dayton*, 49 Ohio St.2d 219, 222-23 (1977).

{¶ 24} "[T]he specificity provisions of [Civ.R. 65(D)] are no mere technical requirements."  *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974) (per curiam) (discussing Fed.R.Civ.P. 65(d)(1)). They "are not merely directory, but are mandatory."  *Back v. Faith Properties, LLC*, 12th Dist. No. CA2001-12-285, 2002-Ohio-6107, ¶ 14, citing *N. Elec. Co. v. United Steelworkers of Am.*, 28 Ohio App.2d 253, 259 (3d Dist.1971).  The specificity requirements of Civ.R. 65(D) are designed to serve two important functions: (1) to "prevent uncertainty and confusion on the part of those faced with injunctive orders, and thus avoid [* * *] a contempt citation on a decree too vague to be understood[;]" and (2) to "enable an appellate tribunal to know precisely what it is reviewing."  (Internal citations omitted.) *Union Home Mtge. Corp. v. Cromer*, 31 F.4th 356, 362 (6th Cir.2022), quoting *Schmidt* at 476-77.  *See also Mechanical Contrs. Assn. of Cincinnati, Inc. v. Univ. of Cincinnati*, 141 Ohio App.3d 333, 342 (10th Dist.2001).

{¶ 25} To satisfy the form and scope requirements of Civ.R. 65(D), an entry imposing an injunction "must be couched in specific and unambiguous terms, such that 'an ordinary person reading the court's order [is] able to ascertain from the document itself exactly what conduct is proscribed.' "  *Union Home Mtge. Corp.* at 362, quoting *Scott v. Schedler*, 826 F.3d 207, 211 (5th Cir.2016).  *See also Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho*, 52 Ohio St.3d 56, 60 (1990), quoting 11 Wright & Miller, *Federal Practice and Procedure*, Section 2955 at 536-37 (1973); *Fraternal Order of Police, Captain John C. Post Lodge No. 44* at 222-23; *Mechanical Contrs. Assn. of Cincinnati, Inc.* at 342; *Schmidt* at 476.  An injunction order is typically vacated when it is impermissibly vague or overly broad—i.e., violates the specificity requirements of Civ.R. 65(D).  *See, e.g.*, *Union Home Mtge. Corp.* at 362; *EEOC v. Wooster Brush Co. Emps. Relief Assn.*, 727 F.2d 566, 576 (6th Cir.1984) (finding the term "discriminating" too general); *Project Jericho* at 60-61; *Fraternal Order of Police, Captain John C. Post Lodge No. 44* at 222-23; *MetroHealth Med. Ctr. v. Kaiser Found. Hosp.*, 66 Ohio St.3d 1203, 1205 (1993) (Wright,

J., concurring in part and dissenting in part); *Total Quality Logistics, LLC v. Traffic Tech, Inc.*, 6th Cir. No. 22-3148, 2023 U.S. App. LEXIS 2951, \*14-15 (Feb. 6, 2023).

{¶ 26} "An injunction is overly broad when there is a risk that it restrains legal conduct, or the injunction prohibits illegal conduct that is not the subject of the litigation or is not closely related to the conduct found to justify injunctive relief." (Citations omitted.) *Union Home Mtge. Corp.* at 364. For this reason, "[e]quity requires that any injunction be narrowly tailored to prohibit only complained-of activities." *Miami Twp. Bd. of Trustees v. Weinle*, 1st Dist. No. C-200238, 2021-Ohio-2284, ¶ 50, citing *Myers v. Wild Wilderness Raceway, L.L.C.*, 181 Ohio App.3d 221, 2009-Ohio-874, ¶ 28 (4th Dist.). *See also Eastwood Mall, Inc. v. Slanco*, 68 Ohio St.3d 221, 224 (1994); *Adkins v. Boetcher*, 4th Dist. No. 08CA3060, 2010-Ohio-554, ¶ 43.

### B. Standard of Review

{¶ 27} We review legal determinations de novo, including the likelihood of success on the merits, but we review the trial court's ultimate determination as to whether the four preliminary injunction factors weigh in favor of granting or denying a party's request for preliminary injunctive relief for an abuse of discretion. *See, e.g., Toledo*, 2018-Ohio-2358 at ¶ 15. *See also State ex rel. Bowling v. DeWine*, 10th Dist. No. 21AP-380, 2021-Ohio-2902, ¶ 30, citing *Danis Clarkco Landfill Co.*, 73 Ohio St.3d at 591, paragraph three of the syllabus.

{¶ 28} "[A]buse of discretion connotes that the court's attitude is unreasonable, arbitrary, or unconscionable." (Internal quotations omitted.) *State v. Weaver*, ___ Ohio St.3d ___, 2022-Ohio-4371, ¶ 24, quoting *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 60, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). "A decision is unreasonable if there is no sound reasoning process that would support the decision." (Internal quotations omitted.) *Fernando v. Fernando*, 10th Dist. No. 16AP-788, 2017-Ohio-9323, ¶ 7, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). A decision is arbitrary if it is made "without consideration of or regard for facts [or] circumstances." (Internal quotations omitted.) *State v. Hill*, ___ Ohio St.3d ___, 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 12, quoting *Black's Law Dictionary* 125 (10th Ed.2014). A

decision may also be arbitrary if it lacks any adequate determining principle and is not governed by any fixed rules or standards. *See id.*, quoting *Dayton ex rel. Scandrick v. McGee*, 67 Ohio St.2d 356, 359 (1981), quoting *Black's Law Dictionary* 96 (5th Ed.1979). *See also State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, ¶ 19. A decision is unconscionable if it "affronts the sense of justice, decency, or reasonableness." *Fernando* at ¶ 7, citing *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th Dist. No. 08AP-69, 2008-Ohio-3567, ¶ 11. An abuse of discretion may also be found where a trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶ 15 (8th Dist.). *See also New Asian Super Mkt. v. Jiahe Weng*, 10th Dist. No. 17AP-207, 2018-Ohio-1248, ¶ 16.

{¶ 29} Thus, while the standard is deferential, we are to consider whether the trial court improperly applied the governing law, used an erroneous legal standard, relied upon clearly erroneous findings of fact, or lacked a sound reasoning process in its ruling. *See, e.g., Bellamy v. Montgomery*, 10th Dist. No. 11AP-1059, 2012-Ohio-4304, ¶ 7; *Trent v. Taylor*, 10th Dist. No. 17AP-89, 2017-Ohio-7189, ¶ 34.

### C. Legal Analysis

{¶ 30} The trial court's November 2, 2022 decision and entry granted a preliminary injunction "against R.C. 9.68[,] both in its original and amended forms[,] and Am Sub. H.B. [sic]." (Decision and Entry at 11.) Although the trial court did not specify the bill number subject to the injunction in its entry, the parties interpret the preliminary injunction order as prohibiting the State from enforcing the original version of R.C. 9.68, the version of R.C. 9.68 amended in 2018 by H.B. 228, and H.B. 228 in its entirety.[4]

### 1. Third Assignment of Error

{¶ 31} In its third assignment of error, the State attributes error to the trial court's imposition of a preliminary injunction against H.B. 228 in its entirety. (Appellant's Brief

---

[4] We agree. Because the trial court specifically referred to "Am. Sub. H.B. 228" throughout its decision, we construe its use of "Am[.] Sub. H.B." to mean and refer to the 14 statutes affected by H.B. 228's enactment other than R.C. 9.68.

at 46-47.) Construing this assignment of error as relating to all statutes affected by H.B. 228's enactment *except* R.C. 9.68, we agree.

{¶ 32} At oral argument before this court, the City conceded it did not intend to request a preliminary injunction against the two statutory provisions created by H.B. 228 or the 12 existing statutes other than R.C. 9.68 that were amended by H.B. 228's enactment. Because the City only sought to enjoin the State from enforcing the original version of R.C. 9.68 and H.B. 228's amendments to that statute, the trial court's issuance of a preliminary injunction against the other 14 statutes impacted by H.B. 228 was improper.

{¶ 33} We recognize the City's admittedly inartful drafting of pleadings filed in the trial court precipitated this error. The City nomenclated the amended version of R.C. 9.68 as "Am. Sub. H.B. 228" in its trial court pleadings. But, H.B. 228 did not just amend R.C. 9.68; it modified or created 14 other statutes. In its relief-seeking pleadings—e.g., complaint, amended complaint, and motion for preliminary injunction—however, the City did not convey that its use of "Am. Sub. H.B. 228" was meant for the limited capacity it intended. As a result, the State argued against enjoining H.B. 228 in its entirety in the trial court. (May 31, 2019 Mot. to Dismiss at 4-5.) In a responsive pleading filed in the trial court, the City clarified the scope of its requested relief: its constitutional challenge concerned only the original version of R.C. 9.68 and H.B. 228's amendments to *that statute*. (*See* June 13, 2019 Memo Contra at 1.) Notwithstanding this clarification by the City, the trial court enjoined H.B. 228 in its entirety.

{¶ 34} Based on the foregoing, we find the trial court abused its discretion when it issued, sua sponte, a preliminary injunction against H.B. 228 in its entirety. Accordingly, we sustain the State's third assignment of error.

### 2. Second Assignment of Error

{¶ 35} In its second assignment of error, the State contends the trial court erred in finding the City was entitled to a preliminary injunction. It argues the City failed to establish the four preliminary injunction factors by clear and convincing evidence. (*See* Appellant's Brief at 15-46.) Given our resolution of the third assignment of error, we limit our analysis of this assignment of error to the preliminary injunction imposed against the original and amended versions of R.C. 9.68.

### a. The preliminary injunction against R.C. 9.68 is impermissibly overbroad and violates Civ.R. 65(D)'s specificity requirements.

{¶ 36} We first find the trial court failed to follow the form and specificity requirements of Civ.R. 65(D) when it preliminarily enjoined the State from enforcing both the original and amended versions of R.C. 9.68.

{¶ 37} The trial court's consideration of the first factor—likelihood of success on the merits—mostly concerned the 2018 amendment's addition of "manufacture" to R.C. 9.68(A) as a type of firearms-related activity about which municipalities cannot regulate beyond federal and state law. Taken with R.C. 9.68(D)—which permits municipalities to regulate commercial sale zoning in limited circumstances and was not altered by H.B. 228—the trial court found H.B. 228's addition of "manufacture" in R.C. 9.68(A) foreclosed a municipality's ability to pass zoning ordinances that relate, even incidentally, to "gun manufacturing in areas zoned residential and agricultural." (Decision and Entry at 10-11.) Thus, it determined that amended R.C. 9.68 "unconstitutionally infringe[d] upon the [City's] right to exercise its zoning powers." (*Id*. at 10.)

{¶ 38} The trial court also analyzed the merits of the City's constitutionality challenge to the original and amended versions of R.C. 9.68(B). (Decision and Entry at 9-10.) In both versions, R.C. 9.68(B) describes the circumstances and types of recovery authorized against a municipality for violating R.C. 9.68(A). But H.B. 228 expanded the scope of this provision. Without reference to any particular language or version of R.C. 9.68(B), the trial court opined that "[l]anguage imposing liability on a municipality for passing a law which was later determined to conflict with state law would effectively end home rule as the threat of litigation from third parties would always be present." (*Id*. at 10.) Based on that finding, it declared, without distinction: "Clearly this section of R.C. 9.68 is an unconstitutional infringement upon municipal home-rule authority." (*Id*.)

{¶ 39} The trial court's analysis of R.C. 9.68(B) lacks clarity in an important respect. That is, whether it found the City proved, by clear and convincing evidence, a strong likelihood of success on the merits of its constitutional challenge to original R.C. 9.68(B), amended R.C. 9.68(B), or both. This is particularly significant because the Supreme Court of Ohio held in *Cleveland v. State*, 128 Ohio St.3d 135, 2010-Ohio-6318 that the original version of R.C. 9.68(B) was constitutional. Despite acknowledging that decision, the trial

court offered no explanation as to whether it is bound by that precedent. Accordingly, we must presume the trial court's analysis of "R.C. 9.68(B)" and finding of unconstitutionality—or, more precisely, the City's likelihood of success on the merits of its challenge to that provision under home rule authority—pertains only to the amended version of the statute.

{¶ 40} Significantly, too, we note the trial court did not address in its decision the City's likelihood of success on the merits of its challenge with respect to R.C. 9.68(A), either in its original form or as amended. Nor did it analyze the City's contention that amended R.C. 9.68(B)(2) violates the separation of powers doctrine.

{¶ 41} For the second factor—irreparable harm to the City without the injunction— the trial court found the City would "suffer irreparable harm because of the ambiguity in the statute [amended R.C. 9.68(D)] that does not specifically exclude zoning for manufacturing." (Decision and Entry at 11.) In connection with R.C. 9.68(B), then, the trial court noted the City could be subjected "to litigation by a person, group[,] or entity adversely affected by the zoning ordinance and could [be forced to] spend significant resources defending such a suit even if successful." (*Id.*) Thus, the trial court only found "irreparable injury" from the impact amended R.C. 9.68(B)'s civil liability provision might have on the City's exercise of its zoning powers in relation to manufacturing. (*See id.*) The decision provides no discussion of what irreparable harm the trial court believed the City would likely suffer in 2022 from original R.C. 9.68—which had been in effect since 2007 and was repealed in 2019 when H.B. 228's amendments to R.C. 9.68 took effect.

{¶ 42} Although the trial court only found it was likely some provisions of amended R.C. 9.68 would be found unconstitutional, it enjoined both amended and original R.C. 9.68 in their entirety. We reiterate that Civ.R. 65(D) requires "[e]very order granting an injunction" to "set forth the reasons for its issuance" and "be specific in terms." To comply with Civ.R. 65(D)'s specificity requirements, the trial court should have specifically enjoined only the provisions it found to be problematic, or, if not practical, explained why these provisions were not severable. *See, e.g.*, R.C. 1.50; *Geiger v. Geiger*, 117 Ohio St. 451, 465-66 (1927) (setting forth the test for determining whether an unconstitutional provision may be severed from a statute). But, it did neither. Thus, even before addressing the merits of the trial court's preliminary injunction findings, we find the injunction is impermissibly

overbroad.

{¶ 43} Regarding original R.C. 9.68, the trial court did not engage in any factor-specific analysis to support the preliminary injunction against the statute in its original form. Because the trial court did not make any of the necessary findings to support its issuance, in violation of Civ.R. 65(D)'s mandates, we find the trial court abused its discretion by enjoining original R.C. 9.68. Thus, our review of the propriety of the preliminary injunction order in this case is ultimately limited to the trial court's decision to enjoin amended R.C. 9.68 in its entirety.

{¶ 44} When it analyzed amended R.C. 9.68, the trial court acknowledged the Supreme Court of Ohio precedent finding the original version of R.C. 9.68 to be a general law that displaces municipal firearm ordinances and does not unconstitutionally infringe on municipal home rule authority. (*See* Decision and Entry at 6, citing *Cleveland*, 2010-Ohio-6318 at ¶ 13.) But, the trial court enjoined amended R.C. 9.68 in its entirety without determining whether amended R.C. 9.68 remains a general law or reconciling its own finding that amended R.C. 9.68 is unconstitutional with the holding of *Cleveland*. (*See id.* at 10-11.) Moreover, the trial court did not make any findings on the City's likelihood of success on the merits of its home rule arguments against amended R.C. 9.68(A) or its separation of powers challenge to amended R.C. 9.68(B)(2).

{¶ 45} In the absence of such analysis, we must conclude, for the limited purposes of this case, that the preliminary injunction against amended R.C. 9.68 in its entirety is impermissibly overbroad. The problem is the mismatch between the breadth of the injunction and the narrow "likelihood of success on the merits" and "irreparable harm" findings the trial court relied on to justify this injunctive relief. *See, e.g.*, *Union Home Mtge. Corp.*, 31 F.4th at 364-65. But even setting these deficiencies aside, we would still find the preliminary injunction against amended R.C. 9.68 was improper, as described below.

### b. The City was not entitled to a preliminary injunction against amended R.C. 9.68 because the second, third, and fourth preliminary injunction factors are not supported by clear and convincing evidence in the current record.

{¶ 46} Despite its overbreadth, indefiniteness, and failure to comply with Civ.R. 65(D)'s specificity requirements, it is possible to review one fatal legal error relevant to the

trial court's preliminary injunction against amended R.C. 9.68. That is, the trial court's analysis of the second, third, and fourth preliminary injunction factors: the City's irreparable injury if the injunction is not granted, whether third parties will be unjustifiably harmed if it is, and whether its issuance would serve the public interest.

{¶ 47} We acknowledge the parties' principal arguments on appeal primarily concern whether amended R.C. 9.68 is a general law that unconstitutionally infringes on home rule authority and/or violates the separation of powers doctrine. (*See, e.g.*, Appellant's Brief at 15-39; Appellant's Reply Brief at 2-14; Appellee's Brief at 10-45; Amicus Brief at 13-37.) And we recognize these arguments pertain to the first preliminary injunction factor: the City's substantial likelihood of success on the merits of its constitutional challenge to the amended statute. But, given the record before us, such analysis would be merely advisory or dicta because we conclude, for other reasons, the trial court erred in ordering a preliminary injunction against amended R.C. 9.68.

{¶ 48} In addition to failing to satisfy Civ.R. 65(D)'s specificity requirements, we find the trial court abused its discretion in granting the City's preliminary injunction against amended R.C. 9.68 because, as described below, the three other preliminary injunction factors—namely, irreparable harm—are not supported by clear and convincing evidence in the record presently before us. Since we ultimately conclude the preliminary injunction against amended R.C. 9.68 was unwarranted and must be vacated irrespective of the City's likelihood of success on the merits, we do not believe it would be appropriate to rule on the merits of the parties' constitutionality arguments at this time. *See, e.g., Greenhills Home Owners Corp. v. Greenhills*, 5 Ohio St.2d 207, 212 (1966) (Internal citations omitted) ("[A] court will not exercise its power to determine the constitutionality of a legislative enactment unless it is absolutely necessary to do so. And, such necessity is absent where other issues are apparent in the record which will dispose of the case on its merits."). *See also Interstate Motor Freight Sys. v. Bowers*, 164 Ohio St. 122, 134 (1955); *Ahrns v. SBA Communications Corp.*, 3d Dist. No. 2-01-13, 2001 Ohio App. LEXIS 4394, *5-6 (Sept. 28, 2001); *Watson v. Cleaners Hanger Co.*, 8th Dist. No. 74314, 1998 Ohio App. LEXIS 4989, *8-9 (Oct. 22, 1998); *Gessford v. Jomidge Ents., Inc.*, 9th Dist. No. 13004, 1987 Ohio App. LEXIS 8652, *4-5 (Sept. 3, 1987); *Fitzpatrick v. Wallick Properties, Inc.*, 6th Dist. No. L-83-036, 1983 Ohio App. LEXIS 13607, *6 (June 3, 1983); *Jackson v. Bartec, Inc.*, 10th Dist. No. 10AP-

173, 2010-Ohio-5558, ¶ 12.

{¶ 49} Turning to the second preliminary injunction factor, we do not find the evidence in the record before us clearly and convincingly established the City would suffer imminent and irreparable injury in 2022 if the trial court did not temporarily enjoin the State from enforcing a statute that had, at that point, been in effect for almost four years. In analyzing the irreparable harm factor, the trial court found the City "could be subject to litigation" and "could spend significant resources defending such a suit even if successful" without an injunction against amended R.C. 9.68. (Decision and Entry at 11.) The trial court also summarily concluded, without explanation, that the City "will suffer irreparable harm because of the ambiguity in [amended R.C. 9.68(D)] that does not specifically exclude zoning for manufacturing." (*Id.*)

{¶ 50} It is true that "[w]hen constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). *See also Ohio Democratic Party*, 2020-Ohio-4664 at ¶ 60-64. But, that presumption of irreparability does not change the fact that the party seeking preliminary injunctive relief must still demonstrate imminence in order to warrant this extraordinary relief. *See, e.g.*, *Sommer v. Mt. Carmel Health*, 10th Dist. No. 94APE07-1087, 1995 Ohio App. LEXIS 1300, *5-6 (Mar. 28, 1995), citing *Dayton Metro. Hous. Auth. v. Dayton Human Relations Council*, 81 Ohio App.3d 436 (2d Dist.1992); *Total Quality Logistics, LLC*, 2022-Ohio-1802 at ¶ 27; *Rock House Fitness, Inc.*, 2021-Ohio-245 at ¶ 34. *See also Kohler v. Cincinnati*, 6th Cir. No. 21-3466, 2021 U.S. App. LEXIS 32574, *5-6 (Nov. 1, 2021).

{¶ 51} We emphasize that a preliminary injunction is an " 'extraordinary remedy' " never awarded as of right, and only granted " 'if it is necessary to prevent a future wrong that the law cannot.' " *Toledo*, 2018-Ohio-2358 at ¶ 15, quoting *Garono*, 37 Ohio St.3d at 173. *See also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008); *Mitchell v. Cincinnati*, 6th Cir. No. 21-4061, 2022 U.S. App. LEXIS 27444, *6-12 (Sept. 29, 2022). It follows, then, that a lack of imminence does not justify such an "extraordinary remedy" when adequate relief can otherwise be granted—e.g., permanent injunction or declaratory relief, as also sought by the City here—at the close of litigation and following a trial on the merits.

{¶ 52} For these reasons, a movant's failure to show it is facing imminent and irreparable harm can, by itself, justify the denial of injunctive relief without consideration of the other three factors. *See, e.g., Total Quality Logistics, LLC* at ¶ 27; *Winter* at 22-24; *A.R.D. v. St. Paul Catholic School*, N.D.Ohio No. 5:13 CV 0307, 2013 U.S. Dist. LEXIS 61588, *3-4 (Apr. 30, 2013); *Mitchell* at *6-12. This is because "[t]he gravamen of the remedy * * * is that a defendant is about to commit an act which will produce immediate and irreparable harm for which no adequate legal remedy exists." *Hack v. Sand Beach Conservancy Dist.*, 176 Ohio App.3d 309, 2008-Ohio-1858, ¶ 24 (6th Dist.). As such, "even the strongest showing on the other three factors cannot 'eliminate the irreparable harm requirement[]' " that gives rise to preliminary injunctive relief. *See, e.g., D.T. v. Sumner Cty. Schools*, 942 F.3d 324, 326-27 (6th Cir.2019), quoting *Friendship Materials, Inc.,* 679 F.2d at 105. *See also Union Home Mtge. Corp.*, 31 F.4th at 366; *Bowling*, 2021-Ohio-2902 at ¶ 56-60. "Thus, although the *extent* of an injury may be balanced against other factors, the *existence* of an irreparable injury is mandatory[]" for a preliminary injunction's issuance. (Emphasis sic.) *D.T.* at 327.

{¶ 53} In this case, the trial court issued a preliminary injunction order years after the City requested it. While this delay, alone, certainly undercuts the notion of imminent, irreparable harm, its more pertinent effect is that it rendered stale most of the City's evidence and arguments in support of this factor. After holding a hearing on the City's preliminary injunction motion in May 2019, the trial court deferred its decision on that motion for nearly four years. It was not until November 2022—almost three years after H.B. 228's amendment to R.C. 9.68 went into effect on December 28, 2019—that the trial court enjoined the State from enforcing amended R.C. 9.68. Had the preliminary injunction been issued before December 28, 2019, the preliminary injunction would have served its purpose by preserving the status quo. But because the trial court enjoined the State from enforcing amended R.C. 9.68 years after that statute became controlling law, the preliminary injunction instead contravened the status quo.

{¶ 54} The changed circumstances since the 2019 hearing bore on the issue of whether there remained, in 2022, a risk of irreparable harm to the City if the injunction against a then-in effect statute was not imposed, the harm to third parties if it was imposed, and whether the public interest would be served by the injunction. (*See, e.g.*, May 13, 2019

Tr. at 35-37.)  Thus, it is probable much of the evidence offered by the parties in 2019—before H.B. 228's amendment to R.C. 9.68 took effect—concerning these three factors has become stale by sheer virtue of such delay, and certain arguments based thereon may no longer be valid.  *See, e.g.*, *Pearle Vision, Inc. v. Adler*, S.D.Ohio No. 1:07CV321, 2008 U.S. Dist. LEXIS 57153, *6-7 (July 3, 2008); *CFTC v. Monex Credit Co.*, C.D.Cal. No. SACV 17-1868 JVS (DFMx), 2020 U.S. Dist. LEXIS 221777, *8-10 (Nov. 4, 2020).  And, because amended R.C. 9.68 has been in effect for over three years, we recognize the City may have new or different evidence of irreparable harm now that it has been subject to the statute's provisions.

{¶ 55} In its preliminary injunction order, the trial court bypassed this critical question—namely, whether the arguments and evidence presented by the City at the ***May 2019*** hearing supported the issuance of a ***preliminary*** injunction against amended R.C. 9.68 in ***November 2022***.  Because this is a court of review—not a de novo trier of fact—that question was for the trial court to address in the first instance.  *See, e.g.*, *State v. Atchley*, 10th Dist. No. 07AP-412, 2007-Ohio-7009, ¶ 9 ("To address [these] argument[s] for the first time at this stage of the proceedings would be for this court to act as the trial court rather than as an appellate court."); *O'Brien v. Ohio State Univ.*, 10th Dist. No. 06AP-946, 2007-Ohio-4833, ¶ 10, citing *Hardy v. Fell*, 8th Dist. No. 88063, 2007-Ohio-1287, ¶ 29 ("This court * * * is not a trial court, and we cannot be the de novo trier of fact.").

{¶ 56} In light of the changed circumstances after the preliminary injunction hearing was held and significant delay in the trial court's issuance of the preliminary injunction, we find the record before us cannot provide clear and convincing proof that the City would face imminent, irreparable harm ***in 2022*** (when the trial court issued its decision) without the preliminary injunction against amended R.C. 9.68.  And, for the reasons that follow, we also find the trial court's analysis of the third and fourth factors to be insufficient.

{¶ 57} In analyzing the third factor—whether third parties would be unjustifiably harmed if the injunction against amended R.C. 9.68 is granted—the trial court erroneously tasked the State with proving such harm would result.  (Decision and Entry at 11.)  But, the burden of disproving any such harm lay instead with the City.  *See, e.g.*, *Intralot, Inc.*, 2018-Ohio-3873 at ¶ 31.  Thus, we find the trial court abused its discretion when it considered

the third factor under the wrong legal framework. *See, e.g., Bellamy*, 2012-Ohio-4304 at ¶ 7, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720,¶ 15 (8th Dist.), citing *Berger v. Mayfield Hts.*, 265 F.3d 399, 402 (6th Cir.2001) ("An appellate court may find an abuse of discretion when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' ").

{¶ 58} Furthermore, we find the City failed to satisfy its burden of proof as to the third factor, as no evidence in the current record supports finding that third parties, including the State, would ***not*** be unjustifiably harmed in 2022 by an injunction against the enforcement of a statute currently in effect. (*Compare with* May 13, 2019 Tr. at 34-37.) Although the City sought in 2019 a remedy that would have maintained the status quo at that time, the trial court instead rendered an order in 2022 that prohibited the State from enforcing a controlling Ohio statute due to constitutional deficiencies yet to be proven. This order went beyond the scope and purpose of preliminary injunctive relief—"to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). *See also Dimension Serv. Corp.*, 2014-Ohio-5108 at ¶ 18; *Neal*, 2008-Ohio-257 at ¶ 11. When a preliminary injunction "goes beyond a restoration of the *status quo* and imposes new obligations[,]" that purpose is not served. (Emphasis sic.) *Blaylock v. Cheker Oil Co.*, 547 F.2d 962, 965 (6th Cir.1976). *See also Carter v. United States*, S.D.Ohio No. 1:17-cv-248, 2017 U.S. Dist. LEXIS 205303, *6-7 (Dec. 13, 2017), citing *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir.1991).

{¶ 59} As to the fourth factor—whether the public interest will be served by the injunction—the trial court did not analyze it. Rather, it merely recited that factor before summarily concluding that the public interest "would be better served by granting the injunction" because "there is nothing in this record that would establish that an injunction would cause harm to the interest of the public." (Decision and Entry at 11.) Again, the trial court mischaracterized the burden of proof associated with that factor. And even assuming evidence presented by the City in 2019 clearly and convincingly proved the public interest would be served by enjoining the State from enforcing amended R.C. 9.68 ***before*** H.B. 228 took effect, the trial court's decision contains no explanation as to how changed circumstances—i.e., amended R.C. 9.68 going into effect in December 2019—did not impact its analysis of this factor in 2022 ***after*** amended R.C. 9.68 went into effect.

{¶ 60} Accordingly, we find the trial court's November 2, 2022 judgment entry granting a preliminary injunction against amended R.C. 9.68 in its entirety was an abuse of discretion. In addition to its impermissible overbreadth, the second, third, and fourth preliminary injunction factors are not supported by clear and convincing evidence in the record due to the staleness of the information presented in 2019 and the change in status quo since that time. The arguments and evidence presented by the City in 2019 in support of its motion for a preliminary injunction against amended R.C. 9.68 did not clearly and convincingly warrant its issuance in 2022. And the trial court did not address that passage of time in its decision or otherwise address the effect significantly changed circumstances had on its analysis of the evidence and arguments presented in 2019. Furthermore, we find the trial court misstated the burden of proof associated with the third and fourth factors. And, most critically, we find an adequate remedy at law—in the form of a permanent injunction against amended R.C. 9.68 or a declaration of its unconstitutionality following a trial on the merits—was available to the City when the preliminary injunction was issued, especially because the amended version of R.C. 9.68 has already been in effect for three and one-half years. For these reasons, the State's second assignment of error is sustained.

{¶ 61} Given our disposition of the State's second assignment of error, the State's first assignment of error is thus rendered moot.

## IV. CONCLUSION

{¶ 62} Having sustained the State's second and third assignments of error, and rendered the State's first assignment of error moot, we reverse the November 2, 2022 judgment of the trial court, vacate the preliminary injunction, and remand this matter to the trial court for further proceedings consistent with this decision.

*Judgment reversed;*
*preliminary injunction vacated;*
*case remanded.*

LUPER SCHUSTER and MENTEL, JJ., concur.