CAMP WASHINGTON COMMUNITY BOARD, INC., Appellant,

v.

RECE, Appellee.

[Cite as *Camp Washington Community Bd., Inc. v. Rece* (1995), 104 Ohio App.3d 750.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940165.

Decided June 21, 1995.

*Manley, Burke, Fischer & Lipton, Timothy M. Burke* and *Carolyn S. Murphy,* for appellant.

*Bernard C. Fox, Jr.,* for appellee.

HILDEBRANDT, Judge.

Plaintiff-appellant Camp Washington Community Board, Inc. appeals from the judgment of the Hamilton County Court of Common Pleas dismissing, after a trial on the merits, the appellant's complaint seeking damages and declaratory and injunctive relief against defendant-appellee Michael Rece in connection with the appellee's operation of his junkyard. On appeal, the appellant advances two assignments of error, challenging the dismissal of its prayer for an injunction requiring the appellee's compliance with the Cincinnati Zoning Code and the dismissal of its prayer for an injunction requiring the appellee's compliance with various provisions of the Cincinnati Municipal Code. Finding the appellant's first assignment of error to be meritorious, we reverse in part the judgment of the court below.

The appellant is an Ohio not-for-profit corporation, engaged in various civic activities within the Cincinnati neighborhood of Camp Washington, including the acquisition for renovation of real property within the neighborhood. On December 23, 1992, the appellant, having previously purchased property on Bates Avenue and Colerain Avenue in Camp Washington, purchased the property located at 1320 Ethan Avenue, which adjoins its Bates Avenue property to the south and its Colerain Avenue property to the west.

Directly across the street from the appellant's property at 1320 Ethan Avenue is 1331 Ethan Avenue. The appellee owns the real estate located at 1331 Ethan Avenue, upon which he operates several businesses, including Cincy Recycling.

Cincy Recycling holds a license from the city of Cincinnati to operate a junkyard at 1331 Ethan Avenue. The property is zoned M–3 (heavy industrial), under which a junkyard may be operated as a conditionally permitted use. The appellee's operation of his junkyard at 1331 Ethan Avenue predated the imposition of the current applicable zoning restrictions and, therefore, constitutes a legal nonconforming use. Any expansion of the appellee's nonconforming use, however, requires a conditional use permit.

The appellee has expanded his junk operations to the property immediately to the west of his property at 1331 Ethan Avenue, pursuant to an agreement with the owner of that property. The appellee has also expanded his junk operations to property that he owns across the street from his property at 1331 Ethan Avenue and immediately to the west of the appellant's property at 1320 Ethan Avenue. The appellee has failed to obtain a conditional use permit for this expansion of his junk operations.

Prior to its purchase of 1320 Ethan Avenue, the appellant notified the appellee that the operation of his junkyard violated various city zoning ordinances and sought to persuade the appellee to bring his Ethan Avenue properties into compliance with various municipal ordinances. On December 24, 1992, the day after its purchase of 1320 Ethan Avenue, the appellant filed its complaint against the appellee, seeking, *inter alia*, to enjoin the appellee from ongoing violations of the Cincinnati Zoning Code and the Cincinnati Municipal Code.

The matter was tried to the court in December 1994. The appellant offered at trial testimony and pictorial exhibits which established that the appellee had indeed violated various city ordinances pertaining to the operation of a junkyard and that he had expanded his junk operation in contravention of the city zoning code. At the conclusion of the proceedings, however, the trial court dismissed the appellant's complaint upon its determination that the appellant had failed to prove that the appellee had damaged its property and that it had no adequate remedy at law.

We address first the appellant's second assignment of error, which maintains that the trial court erred in dismissing its prayer for an injunction directing the appellee to conduct his business in accordance with the Cincinnati Municipal Code. This challenge is not well taken.

An injunction is an equitable remedy and will not lie where there is an adequate remedy at law. *Haig v. Ohio State Bd. of Edn.* (1992), 62 Ohio St.3d 507, 510, 584 N.E.2d 704, 707 (citing *Gannon v. Perk* [1976], 46 Ohio St.2d 301, 308–309, 75 O.O.2d 358, 362–363, 348 N.E.2d 342, 347). The appellant, in support of its challenge to the denial of an injunction, points to those parts of the record which establish, *inter alia*, that the appellee was not in compliance with those city ordinances that pertain to the operation of a junkyard within one thousand feet of a right-of-way, to fencing, to the obstruction and encumbrance of sidewalks and streets, and to parking. The appellant failed, however, to seek the intervention of those city departments that have been established to police such violations. Upon our determination that the appellant had an adequate remedy at law, we hold that the trial court properly dismissed the appellant's prayer for an injunction restraining the appellee's ongoing violations of the Cincinnati Municipal Code. Accordingly, we overrule the second assignment of error.

In the appellant's first assignment of error, it is urged that the trial court erred in dismissing its prayer for an injunction directing the appellee to confine his junkyard operations to 1331 Ethan Avenue in accordance with the city's zoning code. We find this assignment to be persuasive.

R.C. 713.13 provides in relevant part:

"No person shall * * * use any land in violation of any zoning ordinance or regulation enacted pursuant to sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3 of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, * * * the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation."

R.C. 713.13 is a "special" statute, and thus the remedy therein provided is available to any person or entity within its terms, regardless of the availability of other remedies. *Johnson v. United Enterprises, Inc.* (1957), 166 Ohio St. 149, 1 O.O.2d 402, 140 N.E.2d 407, syllabus; accord *Madeira v. Furtner* (July 13, 1994), Hamilton App. No. C–930317, unreported, 1994 WL 362088. Therefore, the availability of other legal remedies does not preclude the appellant's prayer for an injunction pursuant to R.C. 713.13 to restrain the appellee's zoning code violations.

With respect to the R.C. 713.13 requirement that the contiguous or neighboring property owner be "especially damaged," we find the following observations of the Court of Appeals for Montgomery County in *Miller v. W. Carrollton* (1993), 91 Ohio App.3d 291, 632 N.E.2d 582, to be instructive:

"R.C. 713.13 provides that a neighboring property owner who is 'especially damaged' by a building erected in violation of a zoning regulation may institute a suit for injunction to prevent or terminate the violation. A plaintiff who exercises a public right extraordinarily more than the general public has a special reason for doing so and that reason invariably amounts to a different kind of interest in the public right, the injury of which satisfies the special injury rule. When a public nuisance interferes with the use and enjoyment of a plaintiff's land, he has sustained a special injury and he may proceed under a private nuisance action * * *.

"The determination that the appellees have been especially damaged by the appellants' zoning violation determines the appellees' 'standing' to bring an injunction action; it does not resolve the question of whether an injunction should actually be issued by the trial court * * *.

" * * * *

"The extraordinary nature of the remedy by injunction calls for a particular application of equitable principles, and it may be said to be the duty of the court to consider and weigh the relative conveniences and comparative injuries to the parties which would result from the granting or refusal of injunctive relief. Because of the drastic character of mandatory injunctions, such rules apply with special force to them.

"When the court is thus asked to undo something that has been done, it must, for obvious reasons, act in a careful and conservative manner and grant the relief only in situations which so clearly call for it as to make its refusal work a real and serious hardship and injustice.

"The facts which will warrant mandatory relief must be clear, be free from reasonable doubt, and disclose the prospect of irreparable injury to the complainant. Equity will not interfere where the anticipated injury is doubtful or speculative; reasonable probability of irreparable injury must be shown. Such relief will be refused where the injury is so slight as to bring the case within the maxim 'de minimis non curat lex,' where there is no appreciable damage, where a mandatory decree would require a difficult and expensive act, or where its enforcement would necessitate close and continuous supervision by the court for an indefinite period. As in other cases of injunction, the court will balance the equities between the parties and consider the benefit to the plaintiff of a

mandatory writ as against the inconvenience and damage to the defendant, and award relief accordingly." *Id.* at 296–297, 632 N.E.2d at 586.

Having reviewed the evidence adduced at trial, we find the conclusion of the trial court that the appellant sustained no damage resulting from the appellee's zoning code violations to be contrary to the manifest weight of the evidence. Our review of the record discloses competent, credible evidence demonstrating that the appellee's violation of the city zoning code deprived the appellant of the use and enjoyment of its property. We, therefore, conclude that the appellant had standing to seek R.C. 713.13 injunctive relief.

Weighing the conveniences and injuries of the parties resulting from the granting or withholding of injunctive relief, we find that the scales tip overwhelmingly in favor of the appellant. We, therefore, hold that the trial court erred by failing to issue an injunction pursuant to R.C. 713.13, restraining the appellee from expanding his junkyard operations in contravention of the city's zoning code. Accordingly, we sustain the appellant's second assignment of error, reverse that portion of the judgment entered below dismissing the appellant's prayer for an injunction restraining the appellee's ongoing violations of the city's zoning code, and remand this matter to the trial court with instructions to enter judgment for the appellant in accordance with law and this Opinion. The balance of the judgment entered below is affirmed.

*Judgment affirmed in part,*
*reversed in part.*
*and cause remanded.*

GORMAN, P.J., and DOAN, J., concur.