[Cite as *Bennett v. Montgomery Cty. Clerk of Court*, 2015-Ohio-4108.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| EUGENE D. BENNETT | : | |
| | : | Appellate Case No. 26675 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 15-CV-883 |
| v. | : | |
| | : | (Civil Appeal from |
| MONTGOMERY COUNTY | : | Common Pleas Court) |
| CLERK OF COURT | : | |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of October, 2015.

. . . . . . . . . . .

EUGENE D. BENNETT, Post Office Box 181077, Fairfield, Ohio 45018
        Plaintiff-Appellant, *pro se*

MARY E. MONTGOMERY, Atty. Reg. No. 0069694, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . . . .

HALL, J.

{¶ 1} Eugene D. Bennett appeals pro se from the trial court's Civ.R. 12(B)(6) dismissal of his petition for an order directing the Montgomery County Clerk of Courts to

issue him a car title.

{¶ 2} Bennett filed his February 17, 2015 petition pursuant to R.C. 4505.10(A), which authorizes the issuance of a motor vehicle certificate of title when ownership has transferred to the applicant by operation of law. Accompanying his petition, he provided the following notarized statement: "Loretta Walters (single was married) was living with me and she had her cars here. And then she past [sic] away 2 years later, which was 2-27-14." (Doc. #1). Bennettt stated that the car, a 1991 Pontiac Sunbird, was still at his house and that he had no knowledge of any liens. (*Id.*). In a section of the standard form petition for "supporting documentation," Bennett wrote: "Tape-recorder from Germantown Police Lt. Brown about the 1991 Pontiac Sunbird." (*Id.*).

{¶ 3} The Montgomery County Clerk of Courts moved to dismiss the petition pursuant to Civ.R. 12(B)(6). In relevant part, the Clerk of Courts argued:

> Under R.C. 4505.04, no court is permitted to recognize title to a motor vehicle unless evidenced by a certificate of title, by admission in the pleadings or stipulation of the parties, or, in an action by a secured party, by an instrument showing a valid security interest. R.C. 4505.04(B)(1), (2), and (3). The only exception is found in R.C. 4505.10, which deals with the transfer of ownership of a motor vehicle by operation of law (i.e., by inheritance, bankruptcy, replevin, executor sale, or default in performance of the terms of a security agreement).
>
> In this case, Plaintiff has failed to allege any legal basis under R.C. 4505.04 or 4505.10 as to why he should obtain a title to the 1991 Pontiac Sunbird. First, the Plaintiff resides in Fairfield, Ohio – not Montgomery

County, Ohio. As such, the defendant would argue that this Court is without jurisdiction to Order the Montgomery County Clerk of Courts to issue a car title to a vehicle physically located in another county. Second, if this car belongs to Ms. Walters, then the probate case should be reopened in order to determine how best to dispose of this car.

Therefore, at this point in time, this Court and the Clerk of Courts lack the statutory authority to issue a title to Plaintiff under the circumstances alleged in his Petition. Therefore, when considering all of the factual allegations in Plaintiff's Complaint as true, and considering all reasonable inferences in favor of Plaintiff, it is clear Plaintiff has failed to state a claim upon which relief can be granted, as there is no set of facts upon which he can prevail.

(Doc. #9 at 2-3).

{¶ 4} Bennett responded to the motion with his own letter to the trial court. Therein, he stated that he and the decedent had planned to marry and that her 1991 Pontiac had been parked at his house for several years. He explained that he had waited until the probate proceedings had finished and that none of the decedent's family members had "claimed" her cars. He also asserted that the decedent had wanted him to have the 1991 Pontiac. (Doc. #11).

{¶ 5} On April 6, 2015, the trial court filed a decision, entry, and order sustaining the Clerk of Courts' motion to dismiss. The trial court noted that Bennett had filed his petition under R.C. 4505.10(A). It then reasoned: "O.R.C. §4505.10, upon review of its language, does not speak to the presented facts. There is simply no indication from the

facts set forth in Mr. Bennett's petition that ownership of the 1991 Sunbird was transferred to Mr. Bennett by operation of law." (Doc. #12 at 2-3). In a footnote, the trial court stressed that it was "not unsympathetic to Mr. Bennett's situation." (*Id.* at 3, fn.1). In dicta, it added: "It appears, based upon probate court documents attached to the Clerk's motion to dismiss (though these documents were not considered when reaching the motion to dismiss decision) that Fiduciary Stacy West reported to Montgomery County Probate Court that Ms. Walters had no probate assets. It seems, given this, that O.R.C. §[4]505.04(B)(2) provides a potential mechanism to accomplish Mr. Bennett's desired transfer of title. If Mr. Bennett and Ms. West, as the representative for Ms. Walters' estate, would stipulate to the vehicle's transfer, this court could sanction the transfer under O.R.C. 4505.10." (*Id.*).

{¶ 6} On appeal, Bennett has filed a one-page brief in which he asserts:

I am request[ing] this appeal due to that the Judge Trucker [sic] did not have everything he needed in which I had and which is stated in other paperwork and also the division of civil legal also was talked to about all I had but I was not notified about a court date or anything. So the judge did not get to hear the voice-mail recording and hear the reason for Loretta Walters' 91 Pontiac Sunbird, which has been at my house for many of years. I know if the judge did have a chance to hear what is on the voice mail recorded he would of signed the papers in my favor, and as in his remarks of statement on his findings it stated about what I have.

(Appellant's brief at 1).

{¶ 7} We begin our review with the standards applicable to a Civ.R. 12(B)(6)

motion. A motion to dismiss a complaint for failure to state a claim upon which relief can be granted, pursuant to Civ.R.12(B)(6), tests the sufficiency of a complaint. For a defendant to prevail, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to relief. *O'Brien v. University Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). A court must construe the complaint in the light most favorable to the plaintiff, presume all of the factual allegations to be true, and make all reasonable inferences in the plaintiff's favor. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). We conduct a de novo review of a dismissal under Civ.R. 12(B)(6). *Grover v. Bartsch*, 170 Ohio App.3d 188, 2006-Ohio-6115, 866 N.E.2d 547, ¶ 16 (2d Dist.).

{¶ 8} With the foregoing standards in mind, we see no error in the trial court's dismissal of Bennett's petition. As noted above, he filed his petition under R.C. 4505.10(A), which provides:

In the event of the transfer of ownership of a motor vehicle by operation of law, as upon inheritance, devise, bequest, order in bankruptcy, insolvency, replevin, or execution sale, a motor vehicle is sold to satisfy storage or repair charges, or repossession is had upon default in performance of the terms of a security agreement as provided in Chapter 1309. of the Revised Code and the secured party has notified the debtor as required by division (B) of section 1309.611 of the Revised Code, a clerk of a court of common pleas, upon the surrender of the prior certificate of title or the manufacturer's or importer's certificate, or, when that is not possible, upon presentation of satisfactory proof to the clerk of ownership and rights

of possession to the motor vehicle, and upon payment of the fee prescribed in section 4505.09 of the Revised Code and presentation of an application for certificate of title, may issue to the applicant a certificate of title to the motor vehicle. Only an affidavit by the person or agent of the person to whom possession of the motor vehicle has passed, setting forth the facts entitling the person to the possession and ownership, together with a copy of the journal entry, court order, or instrument upon which the claim of possession and ownership is founded, is satisfactory proof of ownership and right of possession. If the applicant cannot produce that proof of ownership, the applicant may apply directly to the registrar of motor vehicles and submit the evidence the applicant has, and the registrar, if the registrar finds the evidence sufficient, then may authorize a clerk to issue a certificate of title. If the registrar finds the evidence insufficient, the applicant may petition the court of common pleas for a court order ordering the clerk to issue a certificate of title. The court shall grant or deny the petition based on the sufficiency of the evidence presented to the court. If, from the records in the office of the clerk involved, there appears to be any lien on the motor vehicle, the certificate of title shall contain a statement of the lien unless the application is accompanied by proper evidence of its extinction.

**{¶ 9}** The foregoing language makes clear that Bennett cannot obtain a certificate of title pursuant to R.C. 4505.10(A) absent sufficient evidence of ownership of the vehicle in question. Construing the allegations in Bennett's petition most strongly in his favor, along with all reasonable inferences, it appears beyond doubt that he cannot prove any

set of facts entitling him to relief. This is so because his petition is devoid of factual allegations establishing or supporting an inference that he has a right to ownership of the decedent's 1991 Pontiac by operation of law. The petition establishes only that the decedent lived with him and kept her cars at his house. The petition also references a "[t]ape-recorder from Germantown Police Lt. Brown about the 1991 Pontiac Sunbird." This statement fails to support a reasonable inference that Bennett owns the vehicle. Construing the petition most strongly in Bennett's favor, we see nothing to indicate that he has a right to ownership of the car. Finally, the trial court was not required to hold an evidentiary hearing prior to sustaining the Clerk of Courts' Civ.R. 12(B)(6) motion. As explained above, such a motion tests the *legal sufficiency* of the complaint or petition. We note too that Bennett's April 2, 2015 written response to the Clerk's motion neither requested a hearing on the matter nor referred to the voicemail he now mentions on appeal. (*See* Doc. #11).

{¶ 10} Although we see no error in the trial court's dismissal of Bennett's complaint, we also concur in the trial court's assessment that he may be able to obtain a certificate of title if he can obtain a stipulation from the representative of the decedent's estate that he is entitled to ownership of the 1991 Pontiac. In this regard, R.C. 4505.04(B)(2) allows a court to recognize an ownership right in a vehicle by "stipulation of the parties." That issue is not before us, however, because Bennett's petition does not indicate any right to ownership of the vehicle by stipulation or otherwise.

{¶ 11} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, J., and WELBAUM, J., concur.


Copies mailed to:

Eugene D. Bennett
Mary E. Montgomery
Hon. Michael Tucker