[Cite as *Myers v. Clerk of Courts*, 2026-Ohio-1500.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

GREGORY MYERS, SR., :

    Appellant, :

                                                                                 CASE NO. CA2025-08-070

vs. :

                                                                         OPINION AND
JUDGMENT ENTRY
4/27/2026

CLERK OF COURTS, et al. :

    Appellees. :

                                      :

CIVIL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 25CV98973

Mark W. Raines, for appellant.

David P. Fornshell, Warren County Prosecuting Attorney, and Derek B. Faulkner, Assistant Prosecuting Attorney, for appellee, Warren County Clerk of Courts.

Appellee, Zachary Potter, Sr., pro se.

**O P I N I O N**

**HENDRICKSON, J.**

{¶ 1} Appellant, Gregory Myers, Sr., appeals from a judgment of the Warren County Court of Common Pleas that set aside a magistrate's Order and Entry of

Certificate for a 1970 Chevrolet Nova and dismissed Myers' petition for a court-ordered title with prejudice. For the reasons discussed below, we affirm the trial court's decision.[1]

## I. FACTS & PROCEDURAL HISTORY

{¶ 2}   On September 23, 2024, Myers purchased real property, located in Middletown, Warren County, Ohio, at a sheriff's sale. A storage facility was operated on the real property. Myers received the deed to the property on January 14, 2025. A writ of possession was issued in Myers' favor, pursuant to which the Warren County Sheriff was to remove all personal property belonging to others from the storage facility and return the personal property to its owners. However, after execution of the writ of possession, some personal property remained on the premises, including a 1970 Chevrolet Nova.

{¶ 3}   On May 8, 2025, Myers filed a petition for a court-ordered certificate of title for the vehicle pursuant to R.C. 4505.10(A), which authorizes the issuance of a motor vehicle certificate of title when ownership has transferred to the applicant by operation of law. Myers asserted that he "gained" the 1970 Chevrolet Nova "with the purchase of the [storage] property," that title to the Nova was in the name of Elvin Potter (hereafter, "Elvin"), who died in July 2006, and that he was unable to obtain the original certificate of title to the vehicle. Myers attached to the petition a copy of Elvin's obituary, which indicated Elvin was survived by a wife, two sons, and a daughter. One of Elvin's surviving sons is appellee, Zachary Potter (hereafter, "Zachary").

{¶ 4}   On June 9, 2025, Myers' petition for certificate of title came before a magistrate for a hearing. On June 23, 2025, the magistrate issued an "Order and Entry of Certificate of Title" which ordered that a certificate of title to the Nova be issued to Myers.

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar for purposes of issuing this Opinion.

{¶ 5}   Three days later, on June 26, 2025, Zachary filed a motion to set aside the June 23, 2025 order issuing a certificate of title to the Nova to Myers. In his motion, Zachary asserted that he was the owner of the Nova as it had been willed to him by his deceased father. He further asserted that he was in possession of the vehicle's original title, that he had been storing the Nova at the storage facility, where rent had been paid through June 1, 2025, and that he has had physical possession of the Nova since April 26, 2025.

{¶ 6}   Zachary's motion to set aside came before the trial court for a hearing on July 17, 2025. Zachary and Myers testified and several exhibits were admitted into evidence. The evidence indicated that the Nova was titled to Zachary's father, Elvin, who died in July 2006. Zachary testified that while he was in Iraq from 2009-2012, he paid someone to do restoration work on the vehicle. Problems arose with the work, which resulted in Zachary filing a lawsuit and obtaining a judgment against the person he hired to restore the Nova. Zachary had possession of the original title to the Nova, a copy of which was admitted into evidence. Zachary testified that after the restoration went bad, he paid to have the Nova stored at the storage facility that Myers eventually purchased at a sheriff's sale. Zachary asserted that the Nova had been in storage at that location since 2017, that he regularly paid the storage rental fee, and that he was paid up through June 2025. At some point, Zachary learned that the property had changed hands and was owned by Myers. On April 26, 2025, Zachary went to the storage facility and took physical possession of the Nova. Zachary claimed he gained access to the building where the

Nova was stored by means of a key.[2] Zachary has retained possession of the Nova since April 26, 2025.

{¶ 7} Myers testified that he purchased the storage-facility property at a sheriff's sale in September 2024 and received a sheriff's deed that was recorded in January 2025. Myers disputed that Zachary was able to gain access to the building where the Nova was kept by means of a key as Myers claimed to have changed all the locks on the building. However, Myers acknowledged that the building did not display damages indicative of forced entry. Myers conceded that when he purchased and took possession of the storage-facility property there was personal property belonging to third parties in the storage facility. Myers initially testified that he had not attempted to notify the third parties about their personal property. However, he later testified that he had tried to get in touch with the owner of the Nova, only to learn that Elvin had passed away in 2006.

{¶ 8} At the conclusion of the hearing, the trial court took the matter under advisement. The court then issued a decision that day, July 17, 2025, in which it granted Zachary's motion to set aside the magistrate's June 23, 2025 Order and Entry of Certificate of Title. The trial court noted that R.C. 4505.10 sets forth a procedure that allows a person to obtain a certificate of title to a motor vehicle when the person is entitled to title "by operation of law." However, the court found that title to the Nova had not been transferred to either Myers or Zachary by operation of law. The court stated, in relevant part, as follows:

> Neither Myers nor [Zachary] are the lawful owner of th[e] motor vehicle. The owner of this vehicle is Elvin Potter. Because he is deceased, the Probate Court has exclusive

---

2. On April 25, 2025, the day before he took physical possession of the Nova, Zachary spoke with a Middletown police officer about his desire to recover the vehicle from the storage unit. In a "Field Interview Report" made by the officer, the officer indicated that Zachary had "advised he wants his vehicle back, however he did not have a key or any other means to access the building." When questioned about his reported lack of a key at the July 17, 2025 hearing, Zachary indicated that after speaking to the officer, he found his key to the storage building and was able to use the key to gain access to the Nova.

jurisdiction to determine the ownership and title of the motor vehicle.

According to the obituary, Elvin Potter was survived by a wife . . . and two sons, Elvin Potter II and Zachary Potter. Zachary Potter represented to the Court that the vehicle was willed to him. The determination of these issues is not within the purview of the Court on proceedings instituted pursuant to R.C. § 4505.10. There may also be claims against the estate of Elvin Potter that might affect the ownership of this vehicle.

As a result, the Court finds that the ownership of this vehicle has not been transferred by operation of law to either Gregory Myers nor to Zachary Potter.

{¶ 9} In addition to setting aside the June 23, 2025 Order and Entry of Certificate of Title, the court ordered that the Clerk of Courts was to issue a certificate of title for the 1970 Chevrolet Nova to Elvin, "thereby restoring the vehicle's title to its status prior to these proceedings." The court ordered that Myers' petition for the court-ordered title be "dismissed with prejudice."

{¶ 10} Myers appealed the trial court's decision, raising two assignments of error for review.

## II. ANALYSIS

{¶ 11} Assignment of Error of No. 1:

{¶ 12} THE TRIAL COURT ERRED IN SETTING ASIDE THE ORDER AND ENTRY GRANTING [MYERS] THE CERTIFICATE OF TITLE OF THE 1970 CHEVROLET NOVA AND DELIVERING A NEW TITLE TO ELVIN POTTER, WHO HAD BEEN DECEASED SINCE 2006.

{¶ 13} In his first assignment of error, Myers argues the trial court erred by setting aside the certificate of title issued to him on June 23, 2025 as he had complied with the requirements of R.C. 4505.10(A).

{¶ 14} R.C. 4505.10(A) provides as follows:

*In the event of the transfer of ownership of a motor vehicle by operation of law, as upon inheritance, devise, bequest, order in bankruptcy, insolvency, replevin, or execution sale*, a motor vehicle is sold to satisfy storage or repair charges, or repossession is had upon default in performance of the terms of a security agreement as provided in Chapter 1309. of the Revised Code and the secured party has notified the debtor as required by division (B) of section 1309.611 of the Revised Code, a clerk of a court of common pleas, upon the surrender of the prior certificate of title or the manufacturer's or importer's certificate, or, when that is not possible, upon presentation of satisfactory proof to the clerk of ownership and rights of possession to the motor vehicle, and upon payment of the fee prescribed in section 4505.09 of the Revised Code and presentation of an application for certificate of title, may issue to the applicant a certificate of title to the motor vehicle. Only an affidavit by the person or agent of the person to whom possession of the motor vehicle has passed, setting forth the facts entitling the person to the possession and ownership, together with a copy of the journal entry, court order, or instrument upon which the claim of possession and ownership is founded, is satisfactory proof of ownership and right of possession. If the applicant cannot produce that proof of ownership, the applicant may apply directly to the registrar of motor vehicles and submit the evidence the applicant has, and the registrar, if the registrar finds the evidence sufficient, then may authorize a clerk to issue a certificate of title. If the registrar finds the evidence insufficient, *the applicant may petition the court of common pleas for a court order ordering the clerk to issue a certificate of title. The court shall grant or deny the petition based on the sufficiency of the evidence presented to the court.* If, from the records in the office of the clerk involved, there appears to be any lien on the motor vehicle, the certificate of title shall contain a statement of the lien unless the application is accompanied by proper evidence of its extinction.

(Emphasis added.)

{¶ 15} The foregoing language makes it clear that Myers cannot obtain a certificate of title pursuant to R.C. 4505.10(A) absent sufficient evidence of ownership of the vehicle in question. *See Bennett v. Montgomery Cty. Clerk of Court*, 2015-Ohio-4108, ¶ 9 (2d Dist.). Myers claims he obtained title to the Nova by operation of law pursuant to an "execution sale," due to his sheriff's sale purchase of the real property where the Nova

was stored. However, Myers' sheriff's sale purchase of the real property did not include the personal property of third parties stored thereon. Rather, there is a separate procedure that governs personal property left in storage facilities. *See* R.C. Chapter 5322.

{¶ 16} As Myers did not obtain ownership of the Nova through an execution sale, inheritance, devise, bequest, order in bankruptcy, insolvency, or replevin, he was not entitled to a certificate of title under R.C. 4505.10(A). Because Myers failed to establish ownership of the Nova by operation of law, we conclude that the trial court properly granted Zachary's motion to set aside the magistrate's June 23, 2025 Order and Entry of Certificate of Title. Myers' first assignment of error is, therefore, overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED IN ORDERING DISMISSAL WITH PREJUDICE AS THERE WERE POTENTIAL ISSUES REGARDING OWNERSHIP OF THE VEHICLE THAT COULD ARISE OUTSIDE OF PROBATE.

{¶ 19} In his second assignment of error, Myers argues the trial court erred in dismissing his petition for a certificate of title with prejudice as it was "not clear that [the] probate court would be able to resolve the issue" of ownership and he could "satisfy[y] the requirements" of R.C. 4505.101 and 4505.104 to obtain title to the Nova.

{¶ 20} R.C. 4505.101 sets forth procedural requirements that a repair garage, towing service, or storage facility must meet to obtain a certificate of title for an abandoned motor vehicle valued at less than $3,500. R.C. 4505.104 sets forth the circumstances and procedural requirements for a towing service or storage facility to obtain a certificate of title for motor vehicles that were towed or stored under certain Revised Code sections, regardless of the vehicle's value. Though Myers argues in his appellate brief that he "could have satisfied the requirements under either of these statutes," Myers' petition for a certificate of title was not made under either R.C. 4505.101 or 4505.104 and Myers did

not argue in the trial court that either statute applied. Myers cannot introduce a new theory or argument in support of his petition on appeal. *See Kramp v. Ohio State Racing Comm.*, 81 Ohio App.3d 186, 191-192 (9th Dist. 1991) ("It is well settled that a party receiving an adverse judgment in the common pleas court may not expand his claims in the court of appeals to maximize the chances of reversal or remand"); *Gordon v. Mt. Carmel Farms, L.L.C.*, 2024-Ohio-1313, ¶ 42 (12th Dist.) (recognizing that a party cannot raise new issues or legal theories for the first time on appeal because such issues or theories are deemed waived).

{¶ 21} The trial court correctly determined that the decedent, Elvin, was the owner of the Nova. Zachary presented the original certificate of title from September 1997 that identified "ELVIN POTTER" as the "OWNER" of the motor vehicle. The Nova remained in Elvin's ownership at the time of his death in July 2006. Elvin's obituary indicated he was survived by his wife of 19 years, two sons, and a daughter. Zachary, one of Elvin's sons, contended that Elvin had a will that transferred the Nova to him, though no will was offered into evidence. Regardless of whether Elvin died testate or intestate, the issue of ownership and title of the Nova falls within the exclusive jurisdiction of the probate court. *See* R.C. 2101.24 (discussing the exclusive jurisdiction of the probate court). *See also* R.C. 2106.18 (discussing the interest of a surviving spouse in the automobiles of a decedent); R.C. 2105.06 (discussing the distribution of personal property when a person dies intestate). The probate court is the proper jurisdiction to determine to whom ownership of the vehicle transferred upon Elvin's death and to address whether there are any claims against Elvin's estate that might affect ownership of said vehicle.

{¶ 22} As Myers failed to demonstrate ownership of the Nova had been transferred to him by operation of law and outstanding issues relating to ownership of the decedent's vehicle were subject to the exclusive jurisdiction of the probate court, we find that the trial

court did not err in dismissing Myers' petition for a certificate of title with prejudice. Myers' second assignment of error is, therefore, overruled.

### III. ZACHARY'S REQUEST FOR SANCTIONS

{¶ 23} In his appellate brief, Zachary has asked this court to award sanctions against Myers under App.R. 23 for filing a frivolous appeal. Zachary has not, however, filed a motion for sanctions under App.R. 23 or App.R. 15. The former provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." App.R. 23. The latter provides that "[u]nless another form is prescribed by these rules, an application for an order or other relief *shall be made by motion* with proof of service on all other parties." (Emphasis added.) App.R. 15(A). "Merely including '[a] paragraph in a responsive brief is insufficient to raise the issue of [sanctions and frivolous conduct] before this court.'" *Price v. Price*, 2025-Ohio-2479, ¶ 37 (12th Dist.), quoting *Richards v. Beechmont Volvo*, 127 Ohio App.3d 188, 192 (1st Dist. 1998). Rather, a separate motion is necessary. *Id.*; *Wohlabaugh v. Salem Communications Corp.*, 2005-Ohio-1189, ¶ 18 (8th Dist.). Accordingly, as Zachary failed to file a separate motion, we will not consider his request for App.R. 23 sanctions. *Id.*; *Price* at ¶ 37.

### IV. CONCLUSION

{¶ 24} As Myers failed to establish ownership of the Nova by operation of law under R.C. 4505.10, the trial court acted properly in setting aside the magistrate's June 23, 2026 Order and Entry of Certificate of Title. Furthermore, because the Nova is personal property owned by Elvin Potter, who died in July 2006, the trial court correctly determined that the probate court held exclusive jurisdiction to adjudicate ownership and title of the Nova. The trial court properly dismissed Myers' petition for certificate of title to the vehicle.

{¶ 25} In all respects, the judgment of the trial court is affirmed.

BYRNE, P.J. and M. POWELL, J., concur.

---

# J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

---

*/s/ Matthew R. Byrne, Presiding Judge*

---

*/s/ Robert A. Hendrickson, Judge*

---

*/s/ Mike Powell, Judge*